Brinkerhoee, C.J.
The claim that the land in lot 40 in controversy was held by Amos Adams in trust for his wife, is not sustained by the evidence; which shows, that when Amos Adams and his wife, then a young married couple, were about to settle in Ohio, he was the owner of a tract of unimproved land in the southwest part of the same township of Wellington, which portion of the township was then wild and unsettled. Mrs. Adams was the owner in equity of th.e parcel *542 of lot 40- here in dispute. She proposed to him that if he would settle upon her forty acre tract, she would have the conveyance of the title made to him; as she did not wish to settle in the wild neighborhood where his land lay; but if he would not no this, she would have the deed made to herself. He assented to her proposal; settled upon her tract in lot 40 ; received a conveyance thereof to himself in fee simple, improved, and ever afterward, until the close of a long life, resided upon it. And there is no evidence that, during his life, the title to this tract was ever treated as, or claimed to be, a trust estate in him. The parties clearly intended the conveyance to him to be an absolute estate in fee simple; and w-e know of no principle of law which, under the circumstances, would imply the existence of a trust in him.
The corporate capacity of the American Board of Commissioners for Foreign Missions to take by devise being expressly conferred by its charter; counsel make no question in respect to that ; nor is it claimed that these devises, if sustained, would have the effect to exceed the limit fixed by the terms of their respective charters to the capacity of either corporation to hold real estate. So that, the claim of a trust being out of the way, the case is narrowed down to the single question as to the corporate capacity of the American Bible Society to take, by devise, its moiety of the parcel of lot 40 referred to.
That society, by the law creating it, is empowered generally, “ to hold, purchase and convey such real and personal estate as the purposes of the corporation shall require, not exceeding the amount limited in its charter;” and it is clear that, in the absence of any other restriction upon its powers, the word purchase is, in law, sufficiently comprehensive to include an acquisition by devise.
It is insisted, however, by counsel for defendants in error, that the New York statute of wills, which provides, that, “no devise of real estate to a corporation shall be valid unless such corporation be expressly authorized by its charter, or by statute, to take by devise,” operates to limit the effect of the word *543 “purchase,” so as to exclude the capacity of the Bible Society to take real estate by devise in any case. And in support of this position the case of McCarter v. Orphan Asylum Society, 9 Cowen, 437, is cited and urged.
We have no disposition, nor have we any occasion, to question the authority of that decision. That case was one in which a testator had attempted to devise real estate situate in New York, to a corporation not “ expressly authorized by its charter, or by statute, to take by devise,” though, like the Bible Society, it was authorized to take by purchase. And it was held that, the provision of the statute of wills had the effect to exclude the capacity of the corporation to take by devise the land in that case attempted to be devised. But there is nothing in the case, fairly considered, to show that the court intended to go further than this. Indeed, it seems to us, it can not, in reason, be claimed that the New York statute of wills can operate beyond the extent to which it was applied upon the facts of that case. It is a statute of wills. Its primary intent is to limit the capacity of testators to devise; and it is only incidentally that it affects the capacity of corporations to take by devise. Its operation and effect upon the capacity of corporations is measured and limited by the extent of its repugnancy to the claims of power and capacity which, but for its provisions, corporations might well make. And that repugnancy ceases just where the statute creating the repugnancy ceases to operate. Now, the New York statute of wills operates on property situate in, and controlled by the laws of, that state. Beyond the limits of that state it can have no effect. It is not to be presumed that the legislature of that state intended to go further; and if it did so intend, the assumption would be nugatory. The New-York statute of wills, therefore, is not inconsistent, either in intention or in effect, with a claim of capacity by the Bible Society, under, the general provisions of its charter, to take by devise lands situate elsewhere than in New York. And this view of the question is directly and fully sustained by the *544 supreme court of Pennsylvania, in Thompson v. Swoope, 24 Penna. St. Rep. 474.
There is nothing in the legislation' of this state to limit the general capacity of the Bible Society to take, by devise, real estate in Ohio. There are no statutes of mortmain in this State. Eor myself, I heartily wish there were. But we must declare the law as we believe it to be.
The judgment of the district court is reversed, and that of the common pleas affirmed.
Scott, Day, White and Welch, JJ., concurred.